# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS IVESTER PEETS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JERRY BROWN, JR., et al.,<br><br>　　　　Defendants. | No. 2:18-CV-2469-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. By separate order, this Court found Plaintiff alleged sufficient facts for his claims related to every Defendant save for Jerry Brown to proceed past screening. The Court noted this was because there were no facts that established Jerry Brown caused any of the constitutional violations alleged by Plaintiff. Plaintiff's theory of liability against Jerry Brown was a far too attenuated theory of supervisory liability. Because no facts supported such a theory of liability and because it does not seem Plaintiff can allege such facts, this Court recommends dismissal of Jerry Brown as a defendant.

///
///
///
///

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff has named 15 Defendants: (1) Jerry Brown Jr., (2) Scott Kernan, (3) Kathleen Allison, (4) Roberty W. Fox, (5) Richard Townsend, (6) David Maldonado, (7) Thomas Huntley, (8) James Appleberry, (9) Christopher Tileston, (10) Daniel Cueva, (11) J. Domiguez, (12) M. Voong, (13) David Haley, (14) Maylene Boucher, (15) Paul Shleffar.  Plaintiff raises four claims: (1) Defendants violated his First Amendment right to free speech by retaliating against him for complaining, ultimately chilling his speech; (2) Defendants violated his First Amendment right to free exercise of religion by attempting to force him to work on the sabbath and giving him repeated write ups for refusing to work on the sabbath; (3) Defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) by harassing him or allowing him to be harassed for exercising his religious right not to engage in work on the sabbath; (4) Defendants violated his Fourteenth Amendment right to equal protection by discriminating against him on the basis of his Jewish faith; (5) Defendants violated his Fourteenth Amendment right to due process by issuing him write ups citing to a rule that does not exist, depriving him of fair notice, and because even if the rule were corrected there would be insufficient evidence to support it.

## II. ANALYSIS

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

There are no facts in the complaint indicating Jerry Brown engaged in any direct activity against Plaintiff resulting in the violation of Plaintiff's constitutional rights. Further, based on the allegations in the complaint there is no indication Jerry Brown was even aware Plaintiff was in prison. For these reasons, Plaintiff cannot establish Jerry Brown violated his constitutional rights and any attempt at amendment would likely be futile.

### III.  CONCLUSION

Based on the foregoing the undersigned recommends Plaintiff's claims against Jerry Brown be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 3, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE