IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PEETS,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　　Defendants. | No.  2:18-CV-2469-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's "Motion for an Order Granting Ongoing Access to the Prison's Inmate Law Library and Declaration in Support Thereof," ECF No. 36, which the Court construes as a motion for preliminary injunctive relief.

　　　　　The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

1    likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

2    injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

3    interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,

4    however, issue an order against individuals who are not parties to the action.  See Zenith Radio

5    Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking

6    injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

7    prison renders the request for injunctive relief moot, unless there is some evidence of an

8    expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

9    Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

10            Plaintiff seeks an order requiring prison officials to grant him six hours of law

11   library time per week until this case is concluded.  See ECF No. 36, pg. 1. Plaintiff states the

12   motion is based on his constitutional right to access an adequate law library.  See id. at 1-2.

13   While Plaintiff has submitted a supporting declaration, he makes no showing regarding the

14   likelihood of success on the merits of his underlying claims or the possibility of irreparable injury

15   absent Court intervention.  See e.g. id. at 3-4 (Plaintiff's declaration).  Regarding irreparable

16   injury, the Court observes that there are currently no pending deadlines in this case to which

17   Plaintiff must respond, and he has been able to file an opposition to Defendants' pending motion

18   to dismiss.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF No. 36, be construed as a motion for injunctive relief and, so construed, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE