# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PEETS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | No.  2:18-CV-2469-KJM-DMC-P<br><br><br>ORDER |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions, ECF No. 62, 63, and 65, for the appointment of counsel.

　　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  In his motion at ECF No. 62, Plaintiff states that appointment of counsel is necessary because he was, at the time the motion was filed, blind following eye surgery on November 4, 2021.  In his motion at ECF No. 63, Plaintiff adds that, due to his "severe visual impairment," he has been unable to comply with the District Judge's November 24, 2021, order, ECF No. 59, permitting Plaintiff to file a third amended complaint.[1]  In his motion at ECF No. 65, Plaintiff states that he was unable to read a document from the Court received on December 23, 2021.  Plaintiff's three motions were filed between December 13, 2021, and January 3, 2022.

The Court notes that, despite Plaintiff's vision impairment following eye surgery, he remains able to communicate with the Court insofar as he has been able to request the assistance of counsel.  Two of Plaintiff's three motions discussed above are type-written and, in the third, Plaintiff states that he has been able to obtain assistance from other inmates to read and prepare documents.  Given the apparent availably of such assistance and the Court's ability to provide Plaintiff accommodation by extending time, exceptional circumstances warranting the appointment of counsel do not currently exist.  Furthermore, the docket reflects that Plaintiff is able to articulate his claims.  Finally, as to the likelihood of success on the merits, Plaintiff has not demonstrated any particular likelihood that the action will conclude in his favor.  In this regard, the Court notes that, while some of Plaintiff's claims have survived the pleading stage of litigation, no discovery has been conducted and no evidence is presently before the Court to allow

---

[1] The District Judge's November 24, 2021, order permitted Plaintiff leave to file a third amended complaint within 30 days of the date thereof.  <u>See</u> ECF No. 59.  Plaintiff was cautioned that, if he failed to do so within the time provided, this action would proceed on Plaintiff's second amended complaint against Defendant Townsend only on Plaintiff's retaliation and religious exercise claims (Claim I, Claim II, and Claim III).  <u>See id.</u>

for an evaluation of the merits of this case.

In light of Plaintiff's vision impairment and difficulty reading and preparing documents, subject to the availability of willing assistance from other inmates and/or prison staff, the Court sua sponte grants Plaintiff an extension of time to file a third amended complaint as permitted by the District Judge.  If Plaintiff does not file a third amended complaint within the time permitted therefor, the action will proceed on the second amended complaint against Defendant Townsend only and will be at issue because Defendant Townsend has already filed an answer to the second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for the appointment of counsel, ECF Nos. 62, 63, and 65, are denied.

2. Plaintiff may file a third amended complaint within 30 days of the date of this order.

Dated:  January 31, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3