**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOUIS PEETS,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD TOWNSEND,<br><br>    Defendant. | No. 2:18-CV-2469-KJM-DMC-P<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. An answer has been filed and the case is now at issue. Pursuant to the District Judge's November 24, 2021, order, this action proceeds on Plaintiff's second amended complaint against Defendant Townsend only on Plaintiff's retaliation and religious exercise claims (Claim I, Claim II, and Claim III). See ECF No. 59. That order became effective upon Plaintiff's failure to file a third amended complaint within the time prescribed by therefor. See id.; see also ECF No. 67 (January 31, 2022, order granting 30-day extension of time to file third amended complaint).

       The undersigned is referring all post-screening civil rights cases filed by pro se state inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, Plaintiff has stated a potentially cognizable civil rights claim. Thus, the Court stays this action for a period of 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

There is a presumption that all post-screening prisoner civil rights cases assigned to the undersigned will proceed to settlement conference.[1] However, if after investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is stayed for 120 days from the date of this order to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

2. Any motion to opt out of the Post-screening ADR Project shall be filed within 30 days from the date of this order.

3. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

4. The parties remain obligated to keep the Court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] If the case does not settle, the Court will issue a discovery and scheduling order.

5. The Clerk of the Court is directed to terminate on the docket all remaining active defendants <u>except</u> Defendant Townsend, whom the docket shall reflect as the only defendant to this action.

Dated: March 22, 2022

    _____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE