1

2

3

4

5

6

7

8     **IN THE UNITED STATES DISTRICT COURT**

9     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LOUIS PEETS,                                    No.  2:18-CV-2469-KJM-DMC-P

12                  Plaintiff,

13          v.                                        <u>ORDER</u>

14    RICHARD TOWNSEND,

15                  Defendant.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel,

19    ECF No. 75.

20          The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  <u>See</u> <u>Mallard v. United States Dist.</u>

22    <u>Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>See</u> <u>Terrell v. Brewer</u>, 935

24    F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27    complexity of the legal issues involved.  <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.  Neither factor is

28    dispositive and both must be viewed together before reaching a decision.  <u>See</u> <u>id.</u>  In <u>Terrell</u>, the

1

1    Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2    of counsel because:

3            . . . Terrell demonstrated sufficient writing ability and legal knowledge to
             articulate his claim.  The facts he alleged and the issues he raised were not

4            of substantial complexity.  The compelling evidence against Terrell made it
             extremely unlikely that he would succeed on the merits.

5
             Id. at 1017.
6

7            In the present case, the Court does not at this time find the required exceptional

8    circumstances. Plaintiff has not demonstrated changed circumstances since the last time the Court

9    addressed his request for counsel. In the order denying Plaintiff's previous motion for the

10   appointment of counsel, ECF No. 69, the Court noted that Plaintiff failed to make any new and

11   substantive showing of exceptional circumstances which would support such an appointment.

12   This motion also lacks any such showing, and thus is similarly deficient.

13           Here, Plaintiff's motion refers to the explanation of circumstances previously

14   submitted to the Court, and states that although prison officials served him with letters from the

15   Court and Attorney General, he has on several occasions "been unable to learn of the letter's [sic]

16   contents." ECF No. 75. However, at no time has Plaintiff provided substantiation of such claims.

17   This Court has received no documentation regarding Plaintiff's claimed visual impairment or the

18   degree to which it restricts his ability to represent his own interests. In fact, Plaintiff has

19   demonstrated on multiple occasions that Americans with Disabilities Act accommodations are

20   available to him, he is aware of how to utilize them, and he has in fact used them. See, e.g. ECF

21   No. 63, ECF No. 68. It is unclear why Plaintiff has not utilized these accommodations to have the

22   letters he cites in this motion read to him. Plaintiff has also made no showing that the ADA

23   accommodations available to him do not provide him the opportunity to articulate his claims on

24   his own in light of the complexity of the issues involved.

25           The Court again notes, as it did in its January 31, 2022, order, ECF No. 67, that

26   Plaintiff has also failed to demonstrate any particular likelihood that the action will conclude in

27   his favor. While some of Plaintiff's claims have survived the pleading stage of litigation, no

28   discovery has been conducted and no evidence is presently before the Court to allow for an

2

1    evaluation of the merits of this case.

2            Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

3    appointment of counsel, ECF No. 75, is denied.

4

5    Dated:  June 2, 2022

6                                                    _____
                                                     DENNIS M. COTA
7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28