IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PEETS,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY BROWN, JR., et al.,<br><br>    Defendants. | No. 2:18-CV-2469-KJM-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's two motion for the appointment of counsel, ECF Nos. 77-78. For the reasons set forth below, these motions will be denied.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff has not demonstrated changed circumstances since the last time the Court addressed his request for counsel. In the order denying Plaintiff's most recent motion for the appointment of counsel, ECF No. 76, the Court again noted that Plaintiff failed to make any new and substantive showing of exceptional circumstances which would support such an appointment. The present motions, which are substantively identical, also lack any such showing and thus are similarly deficient.

Plaintiff's motions refer to the explanation of circumstances previously submitted to the Court, and state that although prison officials served him with letters from the Court and Attorney General, he has been unable to maintain his right to confidentiality because he requires someone else to read them to him. However, Plaintiff has still not provided any substantiation of such claims. This Court has received no documentation regarding Plaintiff's claimed visual impairment or the degree to which it restricts his ability to represent his own interests. In fact, Plaintiff has demonstrated on multiple occasions that Americans with Disabilities Act accommodations are available to him, he is aware of how to utilize them, and he has in fact used them. See, e.g., ECF Nos. 63, 68, 77-78. It remains unclear why Plaintiff has not utilized these accommodations to have the letters he cites in this motion read to him. Plaintiff has also made no showing that the ADA accommodations available to him do not provide him the opportunity to articulate his claims on his own in light of the complexity of the issues involved. The Court yet again notes, as it did in its June 2, 2022 order, ECF No. 76, that Plaintiff has also failed to demonstrate any particular likelihood that the action will conclude in his favor. While some of Plaintiff's claims have survived the pleading stage of litigation, no discovery has been conducted

2

and no evidence is presently before the Court to allow for an evaluation of the merits of this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel, ECF Nos. 77-78, are denied.

Dated: July 25, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE