IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PEETS,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD TOWNSEND,<br><br>    Defendant. | No. 2:18-CV-2469-DJC-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel. See ECF No. 96.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

The Court last addressed Plaintiff's requests for the appointment of counsel in July 2022.  See ECF No. 79.  The Court stated:

> . . . Plaintiff has not demonstrated changed circumstances since the last time the Court addressed his request for counsel. In the order denying Plaintiff's most recent motion for the appointment of counsel, ECF No. 76, the Court again noted that Plaintiff failed to make any new and substantive showing of exceptional circumstances which would support such an appointment. The present motions, which are substantively identical, also lack any such showing and thus are similarly deficient.
> Plaintiff's motions refer to the explanation of circumstances previously submitted to the Court, and state that although prison officials served him with letters from the Court and Attorney General, he has been unable to maintain his right to confidentiality because he requires someone else to read them to him. However, Plaintiff has still not provided any substantiation of such claims. This Court has received no documentation regarding Plaintiff's claimed visual impairment or the degree to which it restricts his ability to represent his own interests. In fact, Plaintiff has demonstrated on multiple occasions that Americans with Disabilities Act [ADA] accommodations are available to him, he is aware of how to utilize them, and he has in fact used them. See, e.g., ECF Nos. 63, 68, 77-78. It remains unclear why Plaintiff has not utilized these accommodations to have the letters he cites in this motion read to him. Plaintiff has also made no showing that the ADA accommodations available to him do not provide him the opportunity to articulate his claims on his own in light of the complexity of the issues involved. The Court yet again notes, as it did in its June 2, 2022, order, ECF No. 76, that Plaintiff has also failed to demonstrate any particular likelihood that the action will conclude in his favor. While some of Plaintiff's claims have survived the pleading stage of litigation, no discovery has been conducted and no evidence is presently before the Court to allow for an evaluation of the merits of this case.

ECF No. 79, pgs. 2-3.

///

///

///

2

As with his prior motions, Plaintiff cites in the current motion confidentiality concerns due to continued vision impairment. See ECF No. 96. And as with the prior motions, Plaintiff continues to fail to demonstrate exceptional circumstances. Specifically, Plaintiff has not provided the Court with documentation of his vision impairment, the extent of loss of the ability to read resulting from that impairment, or any indication of attempts to seek accommodation under the ADA. For these reasons, Plaintiff's renewed motion for the appointment of counsel will be denied.

Since this matter was last before the Court, Plaintiff has appealed two prior interlocutory orders. On January 23, 2023, Plaintiff filed an appeal from the Court's January 9, 2023, order granting Defendant's unopposed motion to compel. See ECF No. 87. On March 1, 2023, the Ninth Circuit Court of Appeals issued an order dismissing this appeal for lack of jurisdiction. See ECF No. 93. The circuit court's mandate issued on March 24, 2023. See ECF No. 94. Plaintiff filed a second appeal on February 9, 2023, challenging the Court's July 25, 2022, order (discussed above) denying Plaintiff's prior motions for counsel. See ECF No. 90. This second appeal was processed to the circuit court and remains pending in the Ninth Circuit. The Court, therefore, will defer ruling on Defendant's motion for terminating sanctions, filed on March 2, 2023, ECF No. 92, pending the Ninth Circuit's resolution of Plaintiff's second appeal. Upon resolution of the second appeal, the Court will set a deadline for Plaintiff's opposition to Defendant's motion for terminating sanctions, and for Defendant's reply.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 96, is denied.

Dated:  April 28, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE