IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PEETS,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD TOWNSEND,<br><br>    Defendant. | No. 2:18-CV-2469-DJC-DMC-P<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's unopposed motion for terminating sanctions, ECF No. 92.

       On January 9, 2023, the Court granted Defendant's unopposed motion to compel discovery responses from Plaintiff. See ECF No. 86. Plaintiff was ordered to service responses to Defendant's interrogatories and requests for production of documents within 30 days of the date of the Court's order. See id. Plaintiff was warned that failure to comply could result in terminating sanctions on Defendant's motion. See id. According to Defendant, as of March 2, 2023, Plaintiff had not complied. See ECF No. 92. Defendant then filed the currently pending motion for terminating sanctions. See id. To date, Plaintiff has not filed an opposition to Defendant's motion.

///

1

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action where the plaintiff fails to obey an order to provide discovery. The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Having considered these factors, the Court finds that dismissal is appropriate. Plaintiff's failure to provide discovery as ordered thwarts the public's interest in expeditious resolution of this case on the merits, interfered with the Court's ability to manage its docket, and prejudices Defendant's ability to prepare a defense. It does not appear that a less drastic sanction is available. Finally, Plaintiff has been warned that his failure to comply with the Court's order to provide discovery could result in terminating sanctions on Defendant's motion.

///

///

///

///

Based on the foregoing, the undersigned recommends as follows:

1. Defendant's unopposed motion for terminating sanctions, ECF No. 92, be GRANTED.

2. This action be DISMISSED without prejudice for lack of prosecution and failure to comply with the Court's January 9, 2023, order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE